JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-01433 AG (MLGx)** | Date | September 21, 2011 |
|---|---|---|---|
| Title | US Bank et al v. Ryan Cloer | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:**     [IN CHAMBERS] ORDER REMANDING CASE

Plaintiff U.S. Bank, National Association ("Plaintiff") filed a Complaint ("Complaint") for unlawful detainer in state court against Defendant Cloer ("Defendant").  Defendant now files a Notice of Removal to Federal Court ("Notice of Removal").  For the reasons that follow, this Court REMANDS this case back to State Court.

Whether an action is properly in federal court on the basis of removal jurisdiction "depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997); 28 U.S.C. 1441(a). Defendant argues that the case could have originally been filed in federal court on the basis of diversity jurisdiction and federal question jurisdiction.  The Court finds that neither basis is proper.

1.     **Diversity Jurisdiction**

Defendant fails to establish diversity jurisdiction.  To establish diversity jurisdiction, the Defendant must allege both that complete diversity exists between the parties, and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-01433 AG (MLGx) | Date | September 21, 2011 |
|---|---|---|---|
| Title | US Bank et al v. Ryan Cloer | | |

First, Defendant failed entirely to allege the citizenship of Plaintiff.  "Failure to specify [a party's] state citizenship [is] fatal to [an] assertion of diversity jurisdiction." *Kanter v. Warner-Lamert Co.* , 265 F.3d 853, 857-858 (9th Cir. 2001).  Thus, Defendant fails to meet the citizenship requirement for invoking diversity jurisdiction.

Second, Defendant failed to establish that the amount in controversy exceeds $75,000.  Plaintiff's Complaint seeks damages of $30.00 per day from July 30, 2011 to present for the illegal possession of Plaintiff's property.  The total damages thus falls far short of $75,000.  Contrary to Defendant's Notice of Removal, Defendant's former house is not at issue in this action and therefore its value cannot serve as a basis for diversity jurisdiction.  Defendant therefore fails to show, by a preponderance of the evidence, that the amount in controversy meets the requirements for federal diversity jurisdiction.  *See Lowdermilk v. U.S. Bank Nat'l Ass'n.*, 479 F.3d 994, 997 (9th Cir. 2007) ("A party who removes a case on grounds of diversity jurisdiction has the burden of establishing that the amount in controversy meets the jurisdictional threshold.")

Because Defendant fails to establish either of the requirements, the Court DENIES Defendant's attempt to remove this case to federal court on the grounds of diversity jurisdiction.

**2.      Federal Question Jurisdiction**

Defendant also fails to properly allege any federal question.  Plaintiff's Complaint states a simple state cause of action for unlawful detainer.  In his removal papers, Defendant argues that removal is proper under 28 U.S.C. § 1443 because this case affects his civil rights.  (Notice of Removal ¶ 23.)  This argument is unpersuasive.

"A removal petition under Section 1443(1) must satisfy the two-part test articulated by the Supreme Court . . . ." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citing *Georgia v. Rachel*, 384 U.S. 808, 824-28 (1966)).  "First, [defendants] must assert

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-01433 AG (MLGx)** | Date | September 21, 2011 |
|---|---|---|---|
| Title | US Bank et al v. Ryan Cloer | | |

. . . rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).  "Second, [defendants] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Defendant fails to justify removal under 28 U.S.C. § 1443(1).  Even assuming that Defendant's notice of removal satisfies the first prong of the test under Section 1443(1), Defendant has failed to support his allegation of civil rights violations with a "reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Sandoval*, 424 F.2d at 636.  Thus, Defendant's reliance on 28 U.S.C. § 1443(1) is misplaced.  *See Greenwood v. Peacock*, 384 U.S. 808, 815 (1966).

Because Defendant failed to sufficiently allege `a federal question, this Court also DENIES Defendant's request to remove this case on the grounds of federal jurisdiction.

In closing, the Court reminds Defendant that in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss. . . ." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972).  Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*.  Defendants are cautioned not to improperly seek federal jurisdiction, particularly for delay.  *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-01433 AG (MLGx) | Date | September 21, 2011 |
|---|---|---|---|
| Title | US Bank et al v. Ryan Cloer | | |

**DISPOSITION**

Defendant's Notice of Removal does not state a valid basis for federal jurisdiction. This case is REMANDED back to Orange County Superior Court.

: 0

Initials of Preparer    lmb